# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRAFTWOOD LUMBER COMPANY, an Illinois corporation, individually and as representative, of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNIMAX INTERNATIONAL LLC, a Delaware limited liability Company; OMNIMAX INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:21-cv-01768<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant OmniMax International, LLC ("OmniMax"), individually and as successor by merger to OmniMax International, Inc. (incorrectly sued separately as "OmniMax International, Inc."), by counsel, and reserving and without waiving any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and any and all defenses under applicable law, hereby gives notice of the removal of this action from the Circuit Court of Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

### I. INTRODUCTION

1. On February 26, 2021, Plaintiff Craftwood Lumber Company commenced this action by filing a complaint against OmniMax in the Circuit Court of Lake County, Illinois, No. 21-00090. OmniMax was served on March 3, 2021.

2. Plaintiff asserts claims for alleged violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"). *See generally* Complaint.

3. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

## II. FEDERAL QUESTION JURISDICTION

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against OmniMax based upon an alleged violation of the TCPA, which is a federal statute. *See* Complaint; *see also Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Balthazar v. Central Credit Services, Inc.*, 475 F. App'x 716 (11th Cir. 2012).

6. Accordingly, Plaintiff's TCPA claim arises under the laws of the United States and could have been originally filed in this Court.

7. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of OmniMax's rights to assert any defense or affirmative matter, including but not limited to, the defenses provided for in Rule 12 of the Federal Rules of Civil Procedure or any other defense available under any statute or law or in equity.

## III. PROCEDURAL REQUIREMENTS

8. A true and correct copy of all process, pleadings, and orders served upon OmniMax is attached hereto collectively as Exhibit A in accordance with 28 U.S.C. § 1446(a).

9. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b).

10. The United States District Court for the Northern District of Illinois, Eastern Division is the court and division embracing the place where this action is pending in state court.

11. Contemporaneously with the filing of this Notice of Removal, OmniMax is filing a copy of same with the clerk of the Circuit Court of Lake County, Illinois, and a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff through its counsel of record.

12. To the extent remand is sought by Plaintiff or otherwise visited by this Court, OmniMax requests the opportunity to brief the issues and submit additional arguments and evidence, and be heard at oral argument.

**WHEREFORE,** OmniMax prays this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 1, 2021                    Respectfully submitted,

                                                    OMNIMAX INTERNATIONAL, LLC,
individually and as successor by merger to
OMNIMAX INTERNATIONAL, INC.

                                                    By: /s/ Jeffrey D. Pilgrim
                                                        One of its attorneys

John O'Shea Sullivan (*pro hac vice application to be filed*)
Kevin R. Stone (*pro hac vice application to be filed*)
Burr & Forman LLP
171 17th Street NW, Suite 1100
Atlanta, Georgia 30363
Phone: (404) 685-4268
Fax: (404) 214-7924
*ssullivan@burr.com*
*kstone@burr.com*

Jeff Pilgrim
Ke Liu
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Phone: (312) 939-0923
Fax: (312) 939-0983
*jpilgrim@pilgrimchristakis.com*
*kliu@pilgrimchristakis.com*

## CERTIFICATE OF SERVICE

 Jeff Pilgrim, an attorney, certifies that on April 1, 2021, he served a true and accurate copy of foregoing document on counsel of record listed below via electronic mail and via U.S. Mail, proper postage pre-paid:

Peter Trobe
Trobe, Babowice & Associates, LLC
404 West Water Street
Waukegan, IL 60085
ptrobe@tbalaws.com
*Counsel for Plaintiff*

             /s/ Jeffrey D. Pilgrim